IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. HUNTER, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 1:10-CV-0927 |
| | : (Judge Caldwell) |
| WARDEN BRIAN BLEDSOE, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

Plaintiff Steven Hunter, an inmate formerly housed in the Special Management Unit (SMU) at the United States Penitentiary in Lewisburg, Pennsylvania, (USP-Lewisburg),[1] filed this *Bivens* action against several Bureau of Prisons (BOP) and USP-Lewisburg officials.[2] This matter proceeds on the second amended complaint filed on October 26, 2010. Doc. 37. Named as defendants are: Attorney General Eric Holder; H. Lappin, Director of the BOP; J. Norwood, Regional Director; Warden Bledsoe; D. Young, Associate Warden; N. Nevil, Administrative Remedy Clerk; Unit Manager Brewer; L. Karpen, Chief Psychologist; V. Cahill, Education Supervisor; SIS Fosnot; SIS Perrin; Deputy Captain Snider; Lt. Galletia; Lt. T. Johnson; Correctional Officer (CO) Anderson; CO Hummer; CO Kulago; Counselor Lizardo; Counselor Shuck; J. Dunkalberger, Case Manager; C. Zegarski, Case Manager; and S. Brown, Medical Administrator.

---

[1] Hunter is presently housed at USP-Florence High in Florence, Colorado.

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action is the federal equivalent of a 42 U.S.C. § 1983 action against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir.2004).

Hunter claims the defendants: improperly used excessive force against him when improperly placing him in ambulatory restraints and when extracting him from his cell; failed to protect him on three different occasions when they failed to properly screen his cellmates who assaulted him; issued him false and retaliatory misconducts; denied him medical care on several occasions; failed to correct inaccuracies in his pre-sentence report (PSR); failed to separate him from radical Muslim inmates; and failed to transfer SMU graduates to medium security facilities. He also asserts a general conditions-of-confinement claim related to his stay in the SMU.

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. Doc. 48. Defendants have filed a supporting brief, exhibits, and statement of material facts. Docs. 49 and 50. Plaintiff has failed to oppose defendants' motion or request an enlargement of time to do so.[3] Accordingly, under M.D. Local Rule 56.1, all facts set forth in the defendants' statement of material facts are deemed admitted, and the court will adopt those facts when considering defendants' motion.

For the reasons set forth below, the Defendants' motion for summary judgment will be granted.

II. *Standards of Review*

    A. *Failure to Exhaust Administrative Remedies as to all claims except for Defendants' alleged Failure to Remove Inaccurate Information from Hunter's PSR.*

Because documents outside the pleadings have been presented by

---

[3] The court notes that Defendants filed their motion on February 28, 2011, and their supporting materials on March 14, 2011. Docs. 48-50. On June 27, 2011, at Hunter's request, he was sent a copy of the docket sheet, which showed the outstanding motion.

Defendants and will be considered by the court, the motion will be addressed as one for summary judgment. Under Fed. R. Civ. P. 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). In deciding a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). " 'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " *Colwell v. Rite–Aid Corp.*, 602 F.3d 495, 501 (3d Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)).

III.    *Discussion*

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno,* 204 F.3d 65, 75 (3d Cir. 2000). "[I]t is beyond the power of [any] court ... to excuse compliance with the

exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Id.* at 73. "If exhaustion is not complete at the time of filing, dismissal is mandatory." *Toney v. Bledsoe*, 2011 WL 1828380, at *2 (3d Cir. 2011)(citing *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). The exhaustion requirement is mandatory and cannot be excused for "'sensitive' subject matter or 'fear of retaliation . . .'" *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 113 (3d Cir. 2008)(per curiam) (nonprecedential).

Federal inmates may challenge any aspect of their confinement by using the BOP's Administrative Remedy procedure. *See* 28 C.F.R. § 542.10, *et seq.*; *see also* Doc. 49-1, Romano Decl. at ¶ 2. The first step is to present the issue to the inmate's unit team through an informal resolution attempt. *See* 28 C.F.R. § 542.13(a). If that does not resolve the issue, the inmate must submit a formal request for administrative relief (BP-9) to the Warden within twenty calendar days following the date on which the basis for the request occurred . *See* 28 C.F.R. § 542.14; Romano Decl. at ¶ 2. An inmate who is not satisfied with the Warden's response may submit an appeal to the Regional Director (BP-10) within twenty calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15; Romano Decl. at ¶ 2. If dissatisfied with the Regional Director's response, the inmate may submit an appeal to the BOP's General Counsel (BP-11) within

thirty calendar days of the Regional Director's response. *See* 28 C.F.R. § 542.18; *see also* Romano Decl. at ¶ 2. No administrative appeal is considered to have been fully and finally exhausted until it has been considered by the BOP's Central Office. *Id.; see also* 28 C.F.R. § 542.15. *See also BOP Program Statement 1330.16*, available for review at *www.bop.gov.*

Since Hunter has been in the custody of the BOP he has filed 695 administrative remedies. *See* Romano penalty-of-perjury declaration ¶ 5. Doc. 49-1 at p. 6.[4] Hunter has only appealed forty-one of those remedies to the national level, or final review. *Id*. "A review of the 41 remedies listed in the SENTRY data base reveals the Plaintiff has not properly exhausted in regard to any of the allegations raised in his complaint." *Id*.; *see also* Doc. 49-1, Attach. B and C, pp. 11-35.

The record before the court as to Hunter's exhaustion efforts regarding the issues raised in this action is clear and uncontested. A review of the exhibits submitted in support of the Defendants' summary judgment motion on the issue of exhaustion demonstrate Hunter has not properly exhausted his allegations of the following claims: Defendants' use of excessive force against him during a cell extraction or when placing him in restraints; the failure to protect him from assault by three different cell mates with whom he objected being housed for security reasons; his receipt of false and retaliatory misconducts; the denial of medical care after being placed in restraints; and the defendants' failure to separate him from radical Muslim inmates trying to persuade him to

---

[4] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

become a terrorist.  *See* Doc. 37, Am. Compl.; Doc. 49-1, Attach. C, pp. 13-35.

Although Hunter alleges in his Amended Complaint that he has been denied access to the administrative remedy system by defendants "since June 1, 2010," this date post-dates the allegations in the amended complaint and even his initiation of the present lawsuit (April 2010).  *See* Doc. 1, Compl.; Doc. 37, Am. Compl.  Hunter's complete failure to oppose Defendants' summary judgment motion in any manner, or request an enlargement of time to do so, does not offer any insight or explanation for his failure to exhaust his administrative remedies as to the identified causes of action which accrued before he was allegedly denied access to the administrative process.  The uncontested record demonstrates that Plaintiff failed to properly exhaust his administrative remedies before filing this action as to any claims other than questions about inaccuracies in his PSR, and thus the defendant is entitled to summary judgment as to the other claims.  As these claims will be dismissed on Hunter's failure to properly exhaust his available administrative remedies, the court will not examine Defendants' alternative basis for dismissal of these claims.

B.     *Failure to Correct Perceived Inaccuracies in Hunter's PSR.*[5]

Hunter alleges that defendants Bledsoe, Associate Warden Young, and Case Manager Coordinator Dunkelburger, Unit Manager Brewer, and Case Manager Zegarski "continue to refuse to contact the appropriate agency regarding inaccurate information in

---

[5] There is evidence to suggest that Hunter filed an administrative remedy that reached final review in 2003 regarding this issue.  *See* Doc. 49-1 at pp. 15-16.  Although Hunter's ability to bring such a claim is questionable because of possible statute-of-limitations issues, the Defendants have not raised that as an affirmative defense to the claim but rather addressed it on the merits.

-6-

Plaintiff's Presentence Report." Doc. 37 at p. 16. Defendants' statement of uncontested facts as to this issue is simple and straightforward. *See* Doc. 50, Statement of Material Facts. They offer the declaration of Walter Zegarski, Hunter's former Case Manager. *See* Doc. 49-1. Zegarski acknowledges that Hunter did raise concerns about the accuracy of his PSR. *Id*. at ¶ 3. However, when questioned about the alleged inaccuracies, he denied having committed the crime for which he was convicted rather than having true concerns about inaccurate information. *Id*. Hunter did not provide any information about inaccuracies. Doc. 50 at ¶ 7. Had Hunter provided specific information and supporting documentation concerning inaccuracies in his PSR, Zegarski would have taken further action and contacted the U.S. Probation office that prepared the PSR report. Doc. 49-1 at ¶ 3; Doc. 50 at ¶ 8.

Based on these uncontested facts, Defendants are entitled to summary judgment on this issue, their alleged failure to address inaccuracies in Hunter's PSR report.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 28, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. HUNTER, | : |
| | : |
|     Plaintiff | : |
| | : CIVIL NO. 1:10-CV-0927 |
|     v. | : |
| | : (Judge Caldwell) |
| WARDEN BRIAN BLEDSOE, *et al.*, | : |
| | : |
|     Defendants | : |

*O R D E R*

AND NOW, this 28th day of September, 2011, for the reasons set forth in the accompanying memorandum, it is ordered that :

    1.  Defendants' Motion for Summary Judgment (Doc. 48) is granted.

    2.  The Clerk of Court is directed to enter judgment in favor of Holder; Lappin; Norwood; Bledsoe; Young; Nevil; Brewer; Karpen: Cahill; Fosnot; Perrin; Snider;  Galletia; Johnson; Anderson; Hummer; Kulago; Lizardo; Shuck; Dunkalberger; C. Zegarski; and Brown and against plaintiff Hunter.

    3.  The Clerk of Court is directed to close this case.

    4.  An appeal from this order is deemed frivolous and not in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                                                              /s/ William W. Caldwell
                                                              William W. Caldwell
                                                               United States District Judge